IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ALAN DREISTADT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 21-1921 ) ) |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 2nd day of February 2023, the Court has considered the parties' motions for summary judgment and will award summary judgment in Defendant's favor. The agency's final decision wherein the Administrative Law Judge ("ALJ") denied Plaintiff's applications for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*,[1] is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[2]

---

[1] The ALJ's decision became the final agency determination of Plaintiff's disability when the Appeals Council denied his request for review (R. 1). 20 C.F.R. §§ 404.981, 416.1481.

[2] Plaintiff has presented six arguments in support of his request for reversal or remand of the ALJ's decision. First, Plaintiff has argued that the ALJ disregarded evidence of his urinary incontinence in his evaluation of Plaintiff's alleged need for frequent bathroom breaks. Second, Plaintiff has argued that the ALJ erroneously relied on a "single decision maker's [("SDM")] opinions" to find him to be capable of work at all exertional levels. Third, Plaintiff has argued that the ALJ erred in not deciding his case by reference to the Grid rules for individuals of advanced age who are limited to light work. Fourth, Plaintiff has argued that the ALJ failed to appropriately weigh his primary care physician's ("PCP") opinions pursuant to the regulations that guide ALJs' consideration of medical opinion evidence for claims filed before March 27, 2017. Fifth, Plaintiff has argued that the ALJ downplayed his history of hospitalizations in his evaluation of the evidence to formulate Plaintiff's residual functional capacity ("RFC"). Finally,

Plaintiff has generally argued that the ALJ's decision lacked adequate evidentiary support. The Court is unpersuaded by these arguments and will affirm the ALJ's decision.

This Court's review of an ALJ's decision is plenary with respect to questions of law, and the Court reviews findings of fact for substantial evidence. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is merely "such relevant evidence as a reasonable mind might accept as adequate." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). When an ALJ's decision is supported by such evidence, a reviewing court may not itself "weigh the evidence or substitute its conclusions for those of the fact-finder," not even where the evidence could support another finding. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); *Zappala v. Barnhart*, 192 Fed. Appx. 174, 177 (3d Cir. 2006) ("[T]he possibility that two inconsistent conclusions may be drawn from the evidence contained in the administrative record does not prevent an agency's finding from being supported by substantial evidence."). ALJs evaluate a claimant's alleged disability pursuant to a "five-step sequential evaluation." 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). Pursuant thereto an ALJ asks "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009); 20 C.F.R. §§ 404.1520(a)(4)(i)—(v), 416.920(a)(4)(i)—(v). The burden of proof is on the claimant through step four, and then it shifts to the Commissioner at step five. *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). Before resolving the inquiries at steps four and five, an ALJ must formulate the claimant's RFC which is a finding of his or her maximum sustained work ability despite limitations arising from any medically determinable impairment. 20 C.F.R. §§ 404.1545(a)(1)—(2), 416.945(a)(1)—(2).

Plaintiff's first argument is that the ALJ erroneously disregarded evidence in the record of urinary incontinence when he evaluated Plaintiff's alleged need for frequent bathroom breaks. Having considered this argument, the Court finds no error in the ALJ's evaluation of Plaintiff's allegation that he "must 'run' to the bathroom every half hour to prevent an accident" and that he "spends 10 minutes or more in the bathroom." (R. 77). ALJs are not expected to unequivocally accept every symptom alleged by a claimant. *Lane v. Comm'r of Soc. Sec.*, 100 Fed. Appx. 90, 96 (3d Cir. 2004) ("A claimant's statements about pain symptoms do not alone establish disability."). A claimant's alleged symptoms are evaluated in two steps wherein an ALJ first must determine whether there is "a medically determinable impairment (MDI) that could reasonably be expected to produce the . . . alleged symptoms." SSR 16-3P, 2017 WL 5180304, at *3 (S.S.A. Oct. 25, 2017) (emphasis deleted); 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). Once a causal medically determinable impairment has been identified, then an ALJ "evaluate[s] the intensity and persistence" of the resultant symptoms and "determine[s] the extent to which [they] limit [the claimant's] ability to perform work-related activities." *Id.* at *4.

2

Before the ALJ, Plaintiff alleged difficulty with bladder control and explained that, as a result, he ran to the bathroom every thirty minutes. (R. 74, 77, 128). He further alleged that he typically spent ten minutes or more in the bathroom. (*Id.*). The ALJ acknowledged objective evidence in the record relevant to the allegation including Plaintiff's treatment with a urologist and that he had been "assessed with a large prostate." (R. 70). However, the ALJ explained that Plaintiff's treatment records did not show "such an extreme problem that [Plaintiff] spends most of the day in the bathroom." (R. 77). Plaintiff's treatment records showed that Plaintiff was treated with "Bactrim, Finasteride, and Tamsulosin," and that he "received little treatment for this condition" after being prescribed medication. (R. 70). Additionally, the ALJ found that evidence showing Plaintiff worked part time in construction and at Lowe's undermined his bladder-control allegation. (R. 77). The Court detects no error in this evaluation of Plaintiff's alleged need for frequent bathroom breaks, and further finds the ALJ adequately explained and supported his finding with respect to the severity of Plaintiff's bladder-control symptoms. Plaintiff has criticized the ALJ for failing to reference further evidence of urinary incontinence such as treatment notes from Plaintiff's PCP listing, *inter alia*, incomplete emptying of bladder and male stress incontinence among his active problems. (R. 842). But such evidence is largely additional evidence of an impairment that could produce Plaintiff's alleged difficulty with bladder control, the existence of which was undoubted by the ALJ. (R. 70). Accordingly, the Court rejects Plaintiff's argument that the ALJ erred in his evaluation of the alleged need for frequent bathroom breaks. Further, the Court notes that Plaintiff's purported reliance on *Mac v. Sullivan*, 811 F. Supp. 194 (E.D. Pa. 1993), and *Rossi v. Califano*, 602 F.2d 55 (3d Cir. 1979), is misplaced in part because both cases involved an ALJ's rejection of treating doctors' "medical judgment" without contradictory evidence.

Plaintiff's second argument is that the ALJ erroneously relied on an SDM's opinions to find he could work at all exertional levels. Here, Plaintiff refers to the Disability Determination Explanation ("DDE") by Thomas Barron wherein Mr. Barron found Plaintiff to be capable of "HEAVY/VERY HEAVY" work. (R. 196). This argument is meritless. When an ALJ decides which limitations are appropriate to include in a claimant's RFC, he or she considers "all the relevant evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). As explained above, claimants bear the burden of producing evidence to establish appropriate limitations for the RFC. *Ramirez v. Barnhart*, 372 F.3d 546, 551 (3d Cir. 2004) (explaining that the burden of proof only shifts to the Commissioner for the fifth and final step of the disability evaluation). In this case, it is evident from the ALJ's decision that the all-exertional-levels RFC he formulated for Plaintiff (R. 73) was based on a lack of evidence in the record to establish a more limited RFC. In his decision, the ALJ considered Plaintiff's testimony that he would be limited by physical impairments such as "compression fractures and back pain." (R. 71). The ALJ also discussed relevant imaging evidence. (*Id.*). But, reviewing objective evidence relevant to Plaintiff's physical impairments, the ALJ explained that Plaintiff's treatment records "generally show[ed] normal physical functioning on clinical examination and . . . lack of ongoing treatment of chronic symptoms that would cause any functional limitations that would more than minimally limit the claimant's ability [to] work." (R. 80). This explanation of the ALJ's consideration of the evidence is adequate. Moreover, there is no indication in the ALJ's

decision that he relied on Mr. Barron's DDE for this finding. For these reasons, the Court rejects Plaintiff's argument that the ALJ erred in his evaluation of evidence relevant to the appropriate level(s) of exertion for Plaintiff's RFC.

Having decided the ALJ did not err in his evaluation of Plaintiff's sustained exertional ability, the Court will only briefly address Plaintiff's argument that his case ought to have been decided by reference to the Grid rules for individuals of advanced age. "The Grids reflect the analysis of various considerations, including the claimant's physical abilities, age, education, and work experience, and direct a finding of disabled or not disabled based on the combination of these factors." *Stoecklein v. Colvin*, No. CIV.A. 13-1656, 2015 WL 1000723, at *1 n.1 (W.D. Pa. Mar. 5, 2015). Plaintiff has argued that because he was a "borderline" case—that is, very close to "advanced age (age 55 or older)," 20 C.F.R. §§ 404.1563(e), 416.963(e)—the ALJ should have found him to be disabled pursuant to the Grid rules for advanced age individuals who are limited to light work. Critically however, the Court has found no error in the ALJ's determination that Plaintiff could sustain work at all exertional levels. For this reason, the Court need not further address this third argument.

Plaintiff's fourth argument is that the ALJ failed to evaluate his PCP's opinions pursuant to the applicable regulations at 20 C.F.R. §§ 404.1527, 416.927. Because there appear to be no opinions in evidence authored by Plaintiff's PCP, this argument is uncompelling. The regulations that apply to Plaintiff's claim define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [his or her] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [his or her] physical or mental restrictions." *Id.* §§ 404.1527(a)(1), 416.927(a)(1). An ALJ must consider all the medical opinions in a claimant's record and explain the weight he or she will afford them. *Id.* § 404.1527(c), 416.927(c). A treating source's opinion is often afforded "great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer*, 186 F.3d at 429).

In this case, the ALJ afforded weight to opinions authored by Dr. Nicole Martinez, Dr. Timothy Ostrich, Dr. T. David Newman, and Dr. Joel Last. (R. 78—79). He also considered live testimony from Dr. John Daller. (R. 79—80). He did not evaluate any opinions authored by Plaintiff's PCP, Dr. Ronald A. Monack; however, as indicated above, it appears there are no opinions in the record that were authored by Dr. Monack. In his brief, Plaintiff has mistakenly identified Dr. Monack's treatment records starting in 2013 as Dr. Monack's "findings and opinions." (Doc. No. 13, pgs. 22—23). For example, Plaintiff has cited Dr. Monack's treatment notes from December 22, 2015, at which time he noted incomplete emptying of the bladder, male stress incontinence, nocturia, and urethral stricture were among Plaintiff's "Active Problems." (R. 842—43). The ALJ considered Dr. Monack's treatment records (Exhibit 11F) throughout his decision. (R. 69, 70, 76). But the ALJ did not evaluate these records as though they were opinions because, unlike medical opinion evidence, nowhere therein did Dr. Monack offer his

professional judgment regarding what Plaintiff could do despite his impairments nor opinions as to how Plaintiff might be restricted because of his impairments. Because the ALJ considered evidence of Plaintiff's treatment with Dr. Monack and did not overlook any opinions authored by him, Plaintiff's fourth argument fails.

This brings the Court to Plaintiff's penultimate argument, which is that the ALJ failed to accurately account for, *i.e.*, downplayed, his history of hospitalizations in his formulation of the RFC. In support of this argument, Plaintiff has recounted more than fifteen instances when he was admitted to or treated at a hospital facility between August 2014 and March 2020. (Doc. No. 13, pgs. 19—21). He has also purported to rely on a case, *Rocco v. Heckler*, wherein the United States Court of Appeals for the Third Circuit remanded a denial of benefits, in part, because the claimant's complaints had been found to be "not credible" despite being corroborated by his complaints to his physicians and "by numerous hospitalizations and surgical procedures." 826 F.2d 1348, 1350 (3d Cir. 1987). Having considered this argument, the ALJ's decision, and the record, the Court is unconvinced that the ALJ failed to fully consider Plaintiff's hospitalizations in his formulation of the RFC. An ALJ's analysis is not readily "subject to 'categorical' rules." *Drumm v. Kijakazi*, No. CV 20-3309, 2022 WL 1320394, at *2 (E.D. Pa. May 3, 2022) (quoting *Biestek*, 139 S. Ct. at 1157). The ALJ's duty is to consider all the relevant evidence in a claimant's record. *Fargnoli*, 247 F.3d at 41. If the ALJ adequately supports his or her findings without overlooking relevant evidence and "build[s] an accurate and logical bridge between the evidence and the result," *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (quoting *Hodes v. Apfel*, 61 F. Supp. 2d 798, 806 (N.D. Ill. 1999)), a reviewing court may not set aside those findings in favor of its own alternative analysis of the evidence.

Pursuant to this standard, the ALJ in this matter was not required to fully credit Plaintiff's allegations on account of his numerous hospitalizations merely because the not-credible finding in *Rocco* was undermined by hospitalizations evidence. The ALJ was, of course, required to consider this evidence with the other relevant evidence in Plaintiff's record, which he did. (R. 75—77). Having considered that evidence the ALJ explained that the RFC adequately restricted Plaintiff because Plaintiff's hospitalizations were usually brief and related to intoxication and, further, because other evidence including activities evidence and opinion evidence supported the RFC. (R. 77—80). Considering the ALJ's thorough consideration of the evidence and adequate articulation of his findings, the Court will leave is RFC formulation undisturbed.

Plaintiff's final argument—that the ALJ's decision is unsupported by substantial evidence—appears to be a summation of his other arguments and requires no further analysis. Briefly, the Court acknowledges that Plaintiff mentioned the ALJ "made no determination whether Plaintiff's alcohol use disorder is a contributing factor material to a determination of disability." (Doc. No. 13, pg. 19). Plaintiff does not appear to have argued this was error but, for clarity, the Court points out that the ALJ explained "the evidence [did] not establish that he is disabled even with considering the limitations related to his alcohol use disorder." (R. 77). The Court also notes that Plaintiff has cited evidence post-dating the ALJ's decision as purported evidence of his "progressing deteriorating liver condition." (Doc. No. 13, pg. 24). Because this

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/ Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of Record

---

evidence was not before the ALJ, the Court cannot consider it in its assessment of the ALJ's decision, *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), and Plaintiff has not argued for "Sentence Six review." *Id.* at 593. Accordingly, the Court has not considered this evidence. For this and all the foregoing reasons, the Court will affirm the ALJ's underlying decision.